UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORENE CAMPOS,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 07-2150 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Dorene Campos filed this action on April 4, 2007. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on April 16 and 20, 2007. On January 28, 2008, the parties filed an amended Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court remands this matter to the Commissioner for proceedings consistent with this Opinion.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On April 11, 2003, Campos filed an application for supplemental security income benefits, which the Commissioner initially denied. A.R. 73-76, 38-41. On December 8, 2004, an Administrative Law Judge conducted a hearing. A.R. 329-348. On May 23, 2005, the judge issued a decision denying benefits. A.R. 32-37. On March 3, 2006, the Appeals Council vacated the judge's decision and remanded the matter for further review. A.R. 69-72.

A second Administrative Law Judge (the "ALJ") conducted a hearing on September 21, 2006, at which Campos and a vocational expert testified. A.R. 349-369. On October 3, 2006, the ALJ issued a decision denying benefits. A.R. 17-22. On February 23, 2007, the Appeals Council denied Campos' request for review. A.R. 5-7.

This lawsuit followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

///

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A. Pertinent Legal Standards

##### 1. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

#### B. The ALJ's Findings

The ALJ found that Campos had a history of hepatitis C, chronic pain, obesity, and depression.  A.R. 21.  Campos had the residual functional capacity to "perform medium exertion with occasional climbing, balancing, stooping, kneeling, crouching and crawling.  She also has mild to moderate restriction of activities of daily living, mild to moderate difficulties in maintaining social functioning, mild to moderate difficulties in maintaining concentration, persistence or [sic] pace with no episodes of decompensation, each of extended duration.  Accordingly, she does not have a severe mental impairment."  *Id.*  Based on her residual functional capacity, the ALJ found that Campos could not perform her past relevant work.  *Id.*  However, she could perform other jobs.  *Id.*

#### C. Examining Opinions of Drs. Hudson and Townsend

##### 1. Hudson

At the request of the California Department of Social Services, psychiatrist Bernard Hudson performed a psychiatric evaluation of Campos on June 14,

2003. A.R. 166-170. Dr. Hudson reviewed no medical records. A.R. 166. According to Campos, she was diagnosed with hepatitis C in 2000 and became depressed not too long after that. *Id.* She also gained weight, from 264 pounds to about 312 pounds. A.R. 167.

She had never been treated before by a psychiatrist. *Id.* She was taking "psychiatric medicine" (Effexor) for several months, prescribed by her general practitioner, and reported that it had "helped partially." *Id.* She was also taking other medications, including Valium (a tranquilizer), Tylenol #3 (an analgesic), Dalmane (a sedative), Soma (a muscle relaxant), Tagamet (an antacid), and Albuterol inhaler (for asthma). *Id.*

Dr. Hudson diagnosed Campos with dysthymia and insomnia. A.R. 169. He noted that she was morbidly obese. *Id.* He stated that her functional capacity was "moderately limited in terms of her ability to withstand the stress and pressures associated with an 8-hour workday as related to her own [sic] going depression." *Id.*

The ALJ did not refer to Dr. Hudson's report at all.

### 2. Townsend

At the request of the California Department of Social Services, psychologist Jeannette Townsend performed a psychological evaluation of Campos on May 26, 2006. A.R. 304-309. The only medical records Dr. Townsend reviewed were those of Dr. Hudson. A.R. 309. Similar to the report Campos gave Dr. Hudson, Campos reported to Dr. Townsend that she became "depressed in 2001 when she developed the medical problems." A.R. 304. At the time she saw Dr. Townsend, Campos was taking Effexor, Vicodin (for pain), Valium, Soma, and high blood pressure medicine. A.R. 305.

Dr. Townsend gave Campos a battery of mental tests. A.R. 307. Campos' "Full Scale IQ" was 76, or "in the borderline range." *Id.* Campos' "immediate

///

memory is low average for auditory material and moderately impaired for visual material.  Delayed memory is in the moderately retarded range."  *Id.*

Dr. Townsend diagnosed Campos with "depressive disorder with anxiety" and gave her a GAF score of 50.  A.R. 308.  Dr. Townsend completed a Social Security Administration form entitled "Medical Source Statement of Ability to Do Work-Related Activities (Mental)."  A.R. 310-312.  She rated Campos' limitations as "none" or "slight" except for "respond appropriately to work pressures in a usual work setting," which she rated as "moderate."  A.R. 310-311.

The ALJ found that Dr. Townsend's conclusions were "not rebutted by any treating source."  A.R. 19.  Although the ALJ listed most of Dr. Townsend's findings, he did not state that Dr. Townsend had concluded that Campos was moderately limited in her ability to respond to work pressures.  *Id.*

### 3. Analysis

Campos argues that the ALJ erred when he failed to address Dr. Hudson's findings.  JS 7.  Campos also argues that both doctors came to the same conclusion about Campos' inability to respond to work pressures and, yet, the ALJ failed to include that inability in his hypothetical to the vocational examiner ("VE").  JS 7, 8.

The ALJ's description of Campos' mental limitations to the VE was as follows:

> It would be mild to moderately limited for understanding and remembering tasks [inaudible] sustained concentration and persistence, for socially interacting with the general public and for adapting to workplace changes and using a regressive mental limitations scale of light to mild to moderate to marked, would there by any jobs she could perform and if so what would the numbers of those jobs be?

A.R. 365-366.  After the VE opined that there were many jobs in the economy

5

Campos could perform, the ALJ asked if she could "do those jobs if you're markedly limited in those mental functions I've described," and the VE said no. A.R. 367. Campos' counsel added the following to the ALJ's hypothetical:

> [B]ecause of psychiatric and psychological factors an individual would be limited from withstanding the stressors and pressures associated with an eight hour workday. Would that individual be able to maintain the, either the past relevant work or any other work you've identified?

A.R. 368. The VE said if that meant the "normal everyday stress of work," Campos would not. *Id.*

First, the ALJ erred in ignoring Dr. Hudson's report.[1] *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995) ("the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician [and] even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record") (citations omitted). Second, for the same reason, the ALJ erred in ignoring the unrebutted finding of Dr. Townsend that Campos was moderately limited in her ability to respond appropriately to work pressures in a usual work setting and in failing to include the limitation when questioning the VE. *See DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) ("the failure to include the mental impairment [in the hypothetical] would of itself require remand for reconsideration") (citation omitted); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the

---

[1] The Commissioner's implicit argument that because the first decision reviewed Dr. Hudson's report and because the Appeals Council did not specifically require a revisiting of this issue on remand, the findings of the first ALJ satisfy the second ALJ's legal requirements is without merit. JS 11. The Appeals Council *vacated* the first ALJ's decision. It is therefore "void." *See Massachi v. Astrue*, 486 F.3d 1149, 1154, 1154 n. 21 (9th Cir. 2007) (after the Appeals council vacates the original decision, "on remand, the ALJ's original finding no longer existed").

6

claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.") (citation and internal quotation marks omitted).[2]

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the matter is remanded at Step Five so the ALJ may add the limitation that Campos was moderately limited in her ability to respond appropriately to work pressures in a usual work setting in his hypothetical to the VE.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 15, 2008

*/s/ Alicia G. Rosenberg*
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[2] The Court agrees with the Commissioner that the VE's testimony based on the hypothetical was ambiguous. JS 12. Campos' counsel did not express the mental limitation at issue as moderate. A.R. 368. Therefore, the VE's response was unclear. *Id.*